

697

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable B. M. Whiteacre
County Auditor
Grayson County
Sherman, Texas

Dear Sir:

Opinion Number O-2760
Re: Authority of Commissioners'
Court to transfer an antici-
pated income from the cash
balance of the Permanent
School Fund to the Avail-
able School Fund.

We have your letter of September 17, setting forth
the following facts:

"The Grayson County Permanent School Fund has
a profit of $2,271.47, occasioned by bonds being
purchased during 1932 and 1933 below par value.

"The above mentioned bonds mature from 1948
to 1965 and at that time the $2,271.47 would be
credited to the Available School Fund on a per
capita basis of all scholastics of the county.
There is a cash balance at this time of $2,890.00
in the Permanent School Fund derived from other
maturing bonds."

Your question being —

"From the above information would the Commis-
sioners' Court have the authority under Article 7,
Section 6, Constitution of Texas, Article 2824 of
Vernon's Annotated Civil Statutes, to transfer the
$2,271.47 from the cash balance of the Permanent
School Fund to the interest account in order that
the Available School Fund could receive the bene-
fit now in lieu of from 1948 to 1965?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable B. M. Whiteacre, page #2

The pertinent part of Article 7, Section 6 of the Constitution, reads as follows:

"Said lands and the proceeds thereof when sold shall be held by said counties alone as a trust for the benefit of public schools therein; said proceeds to be invested in bonds of the United States, the State of Texas, or counties in said State, or in such other securities and under such restrictions as may be prescribed by law; and the counties shall be responsible for all investments; the interest thereon and other revenue except the principal shall be available funds."

Article 2824 is the Enabling Act, passed pursuant to the above quoted constitutional provision, and is substantially the same with the exception that it enumerates other bonds which may be purchased with the proceeds from the sale of lands granted to the county for educational purposes.

It will be noted that only the income of the above sanctioned investment is available for annual expenditures in the operation of the schools of the county. We have heretofore concluded in our opinion number O-823 that a profit resulting from the purchase of bonds at a figure below par, and the subsequent retirement of such bonds or sale at a price in excess of that paid, constitutes income and is, therefore, eligible to be transferred to the Available School Fund of the county.

It is clear from the statement of facts above quoted that the figure of $2,271.47 is an anticipated profit which cannot accrue until the bonds have matured and are paid by the issuing political subdivision. Manifestly, this figure constitutes no more than a "paper profit" and does not represent cash in hand eligible for transfer to the Available Fund. Actually, if at all, it will not accrue to the Permanent School Fund until the years 1948 to 1965. Experience has proven that we have no guarantee that bonds will be paid according to the contract reflected therein, and it is beyond the power of anyone to foretell definitely the amount of money that will be

Honorable B. M. Whiteacre, page #3

received for said bonds at any time between the years 1948 to 1965. It is our conclusion that the Commissioners' Court is not authorized to make a transfer of cash from the corpus of the Permanent School Fund against an anticipated accrual of profit from bonds at some future date.

You are, therefore, advised that in our opinion such transfer as is contemplated by your question, cannot lawfully be made, for, obviously, the anticipated profit cannot become available funds until collected.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Clarence E. Crowe*

Clarence E. Crowe
Assistant

CEC-s

APPROVED OCT 7, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED OPINION COMMITTEE BY BWB CHAIRMAN